UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20352-LENARD/LOUIS

UNITED STATES OF AMERICA

v.

ODALYS ABREU,

        Defendant.

## REPORT AND RECOMMENDATION ON PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon (ECF No. 156) Motion of the United States of America for entry of a preliminary order of forfeiture for substitute property in partial satisfaction of the forfeiture money judgment imposed on Defendant Odalys Abreu, pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p). The Motion has been referred to the undersigned by United States District Court Judge Joan A. Lenard (ECF No. 159). Being fully advised in the premises and based on the United States' Motion for Preliminary Order of Forfeiture, the declaration of Special Agent Dennis McCarty of the Department of Health and Human Services, Office of the Inspector General ("HHS-OIG"), the record in this matter, and for good cause shown thereby, the undersigned recommends that the Motion be GRANTED, as follows.

On November 13, 2018, the Court entered an Order of Forfeiture for a forfeiture money judgment against Defendant Odalys Abreu (the "Defendant") in the sum of $75,000.00 in U.S. currency. To date, the forfeiture money judgment remains unpaid, and due to the act or omission of the Defendant, directly forfeitable property:

    (A) cannot be located upon the exercise of due diligence;

1

    (B) has been transferred or sold to, or deposited with, a third party;
    (C) has been placed beyond the jurisdiction of the court;
    (D) has been substantially diminished in value; or
    (E) has been commingled with other property which cannot be divided without difficulty.

There is, however, a sum of money that has been identified. Defendant moved for Return of Property (ECF No. 144), disclosing that, at the time of her arrest, law enforcement seized the cash she had on her, which was approximately $5,500.00. The Government responded in opposition to the Motion, alerting the Court of its intention to bring the present Motion, and seeking forfeiture of those funds.

A hearing was conducted on February 3, 2021, at which Defendant Abreu appeared telephonically and with the assistance of a Spanish interpreter. Ms. Abreu has not opposed the Motion for entry of a preliminary order of forfeiture, and she stated at the hearing that she has no intention to do so.

Accordingly, it is my recommendation that the Court GRANT the Motion and enter the Preliminary Order of Forfeiture ordering the following:

    1.    Pursuant to 21 U.S.C. § 853(p), approximately $5,540.00 in seized U.S. currency currently in HHS-OIG's custody shall be forfeited.

    2.    The United States Marshals Service, or any duly authorized law enforcement agency, shall, as soon as practicable, seize or take custody of the property ordered forfeited herein pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

    3.    The United States shall publish notice and send direct notice of this order in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure.

    4.    The United States is authorized, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including

depositions, to expedite an ancillary proceeding related to any third-party petition claiming an interest in such property.

5. Upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture in which all interests will be addressed. If no claims are filed within thirty (30) days of the final publication of notice or the receipt of actual notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules, this Order shall become a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property ordered forfeited herein in accordance with applicable law.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. Failure to file objections by that date shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

RESPECTFULLY SUBMITTED this 4th day of March, 2021, in Miami, Florida.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc:
Marx P. Calderón, Assistant U.S. Attorney
Odalys Abreu, *pro se*
13916 SW 177th Street
Miami, FL 33177